## No. 278
### WREATH v. KEUHN
Ohio Appeals, 6th Dist., Lucas Co.
No. 1518. Decided Feb. 2, 1925.

173. BREACH OF CONTRACT—Constituted, when refusal of mortgagor to execute mortgage and notes according to terms of contract, becomes apparent.

YOUNG, J.

Lillian Keuhn agreed to sell to Marion Wreath a lot in Toledo for $10,000, payable in monthly installments. The contract contained a stipulation which provided that in the event Wreath could obtain a loan equal ot the balance due on the purchase price of said lot, she should so do upon the request of Keuhn. Other stipulations provided that if there was a faillue to pay pursuant to the agreement of principal, interest, or taxes, etc., or in any manner be in default for 30 days, then at the election of Keuhn the contract should be forfeited and all payments should become payable immediately, and Keuhn might retain those payments theretofore made.

It came about that Mrs Keuhn obtained a party willing to make a loan to Mrs Wreath to be secured by a mortgage, and when requested by Keuhn to execute three notes for the unpaid balance secured, by mortgage, and was presented with a duly executed deed, Wreath refused to execute and to accept said deed.

Keuhn brought action in the Lucas Common Pleas to foreclose the land contract making certain lien holders and mortgages parties defendant; who in turn filed a cross petition praying for foreclosure and sale and for payment of their respective claims.

In an amended petition Keuhn admitted that Wreath had already paid to her $1583.33 and alleged that since July 31, 1923, it has been possible for Wreath to obtain a loan for the full amount of balance due her.

Mrs Wreath filed an answer and cross petition in which she admitted the tendering of the notes and mortgage securing the same but says that the contract expressly provided that the $10,000 should be payable in equal installments of $83.33 without interest and not otherwise. She further alleged that 8%, the interest on said notes and mortgage was in excess of that allowed by law except in cases of special contract providing for such rate and no such contract had been entered into. Wreath also sets up the fact that together with paying installments each month for 19 months she

## STATE COURT OF APPEALS—Continued

improved the the property as to repairs, painting, electrical work, insurance, etc.

The Common Pleas Court entered judgment in favor of the lien holders against Keuhen. Sale was made and confirmed and after the mortgage and lien holders were paid the balance was ordered held by the sheriff until further notice. At a final hearing judgment was found in favor of Wreath for $2538.98; $513.98 to be paid to her and the balance to Keuhn. Both parties excepted and error was prosecuted. The Court of Appeals held:

1. Since by terms of the contract, on default, at election of Keuhn the contract was forfeited and the money paid in could be retained by her, together with the improvements put on the property.

2. By reason of the fact that Wreath refused to make the loan when it could have been so made, we are of the opinion that she is not entitled to anything. The decree of the lower court is modified and sheriff ordered to pay the balance in his hands to Keuhn, less costs.

Judgment accordingly.

Attorneys—Southard Rowe & Williams, for Wreath; Calkins, Storey and Nye, for Keuhn; all of Toledo.